IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NNEKA THOMPSON | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 1:25-cv-02341 |
| v. | : | |
| | : | |
| AMAZON WEB SERVICES, INC. | : | |
| Defendant. | : | |

## JOINT RULE 16 REPORT/PARTY PLANNING STATEMENT

The Parties, Nneka Thompson (Plaintiff) and Amazon Web Services, Inc. (Defendant), by and through their respective counsel and pursuant to Local Rule 16(c) and the Court's Initial Scheduling Order of December 4, 2025 (ECF-18) submit their Joint Rule 16 Report/Party Planning Statement and Proposed Scheduling Order.

**I.   PARTY CONFERENCE**

The Parties conducted a teleconference on Wednesday, December 10, 2025 at 4:00pm and the following were in attendance:

Plaintiff's Counsel:     Eden Brown Gaines
Defendant's Counsel:  Donald E. English Jr., Gabriella Ravida, Elizabeth Patten

**II.   STATEMENT OF THE CASE**

   **A.   Plaintiff's Statement**

Plaintiff, Nneka Thompson, who is an African American female, joined Defendant, Amazon Web Services, Inc. as a Digital Skills Program Manager on or about June 1, 2021. Thompson's initial period of employment was favorable and she was received and rated well by her then supervisor.   In or about February 2023, as a result of a reorganization, Thompson

moved from her role as a Digital Skills Program Manager to a Senior Manager in the World Wide Public Sector - Skills to Job division. In this position and under her new supervisor, Thompson began experiencing microaggressions, harassment, bullying and hostility based on her race and sex. Her counterparts and subordinates (outside of her protected classes) refused to recognize her as a senior leader and respond to her direction. By the summer of 2023, Thompson's work assignments and the profile of those assignments began diminishing.

Thompson complained to Human Resources about her treatment and the humiliation and stress she experienced because of the conduct. Upon information and belief, Human Resources failed to investigate her harassment complaint and failed to promptly prevent and correct the unwarranted exposure to the harassment. Following her complaint, however, Thompson's management placed her on a PIP (Performance Improvement Plan) that was not justified. Because of the stress from the environment and the new, unwarranted personnel action, Thompson inquired with her management and human resources about her leave options. While Amazon Web Services advised Thompson of her Short-Term leave disability options, the company's management and human resource team specifically interfered with her rights under the FMLA. The company failed to advise her of her rights under the FMLA as required and failed to facilitate a process where Thompson could avail herself of leave under the FMLA. Unaware that she would be entitled to up to 12 weeks of leave under the FMLA, Thompson returned to work earlier than needed. When she returned, her managers placed her on a second PIP as a pretext to terminate her employment for desiring leave to attend to a serious medical condition.

Thompson brings a cause of action for harassment, discrimination and retaliation based on race under 42 U.S.C. §1981. Thompson brings a cause of action for interference with her

rights, retaliation and termination under the Family and Medical Leave Act (29 U.S.C. § 2601, *et. seq*.).

  B.  <u>**Defendant's Statement**</u>

Plaintiff began her employment with Defendant as a Digital Skills Program Manager on or about June 1, 2021. For the 2021 and 2022 evaluation period, Plaintiff received performance ratings of "meets high bar," which at the time was the middle performance tier between "needs improvement" and "exceeds high bar." In or about February 2023, Plaintiff began reporting directly to Valerie Singer as the result of a reorganization. In or about July 2023, Plaintiff began reporting directly to Tekla Moquin as the result of a reorganization. In or about August 2023, Plaintiff was counseled about documented performance issues. In or about September 2023, Plaintiff was enrolled in a performance improvement plan called "Pivot" because she failed to improve her performance issues. Per the Pivot, Plaintiff was required to meet specific criteria by on or about October 26, 2023 or she would be terminated. Plaintiff's performance issues continued throughout the duration of the Pivot.

Just nine days prior to the deadline for Plaintiff to comply with the criteria of the Pivot program, Plaintiff went out on FMLA leave beginning on or around October 17, 2023. Plaintiff returned from leave on or around January 1, 2024; however, her poor performance continued. As a result, on or around February 2, 2024, Defendant terminated Plaintiff for a legitimate, non-discriminatory, and non-retaliatory reason based on her failure to improve on the Pivot program.

**III.**  **RULE 16 INFORMATION**

*(1) Whether the case is likely to be disposed of by dispositive motion;*

Defendant anticipates filing a motion for summary judgment.

***(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.***

The Parties agree that the deadline to join additional parties or amend the pleadings shall be at the halfway mark of the period of fact discovery.

***(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.***

The Parties have not agreed to the assignment of a magistrate judge for all purposes.

***(4) Whether there is a realistic possibility of settling the case.***

The Parties are currently engaged in settlement discussions. If such discussions prove unsuccessful at this early stage, the Parties agree to revisit settlement at the close of fact discovery.

***(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.***

The Parties agree that a settlement conference before a Magistrate Judge will be appropriate following fact discovery.

***(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.***

Defendant believes the matter can be resolved by summary judgment. The Parties agree to the following schedule for dispositive motions:

| | |
|---|---|
| Motion for Summary Judgment: | 30 days after the close of fact discovery |
| Opposition to Summary Judgment: | 30 days after service of the motion |
| Reply in Motion for Summary Judgment: | 30 days after service of the opposition |

***(7) Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.***

The Parties agree to dispense with initial disclosures.

**(8) *The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.***

The Parties agree to a discovery period of 120 days.  The Parties anticipate filing a stipulation for a Protective Order.  The Parties agree to a maximum of 25 Interrogatories and 25 Requests for Admission each.   The Parties anticipate no more than four (4) depositions each and agree to the Local Rule limitations concerning time for each deposition.

Defendant requests to limit Requests for Production of Documents to 30 Requests each.  Plaintiff does not believe limitations on Requests for Productions are required.

**(9)  *Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.***

The Parties agree that records or documents will be produced in PDF format or where required, native format.  The Parties do not anticipate issues with discovery or electronically stored information.

**(10) *Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.***

The Parties do not anticipate issues at this time.

**(11) *Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.***

The Parties agree that expert discovery shall be bifurcated and delayed until the resolution of dispositive motions.  If required the Parties agree to the following schedule for disclosures:

| | |
|---|---|
| Plaintiff's Rule 26(a)(2) disclosure: | 30 days after an Order resolving dispositive motions |
| Defendant's Rule 26(a)(2) disclosure: | 30 days after service of Plaintiff's disclosure |
| Rebuttal | 14 days after service of Defendant's disclosure |
| Expert Depositions | To be completed within 21 days of Rebuttal reports |

***(12) In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.***

N/A

***(13) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.***

The Parties agree that fact and expert discovery should be bifurcated.

***(14) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).***

   The Parties agree that a Pre-trial conference should be scheduled 30 days following the

conclusion of expert discovery and/or at the Court's election.

***(15) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference. 39 (16)***

   The Parties agree it will be appropriate to schedule the trial dates at the pre-trial

conference.

***(16) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.***

There are no further matters.

6

| | |
|---|---|
| Respectfully submitted: | December 24, 2025 |

| | |
|---|---|
| */s/ Eden Brown Gaines* | */s/ Donald E. English, Jr.* |
| Eden Brown Gaines | Donald E. English, Jr. (Bar No. 470756) |
| Brown Gaines, LLC | Gabriella A. Ravida (Bar No. 90026654) |
| Bar No. 489862s | Morgan, Lewis & Bockius LLP |
| 80 M Street, SE | 1111 Pennsylvania Avenue, NW |
| Suite 100 | Washington, DC 20004 |
| Washington, DC 20003 | Telephone: 202.739.3000 |
| (202) 573-6865 (office) | Fax: 202.739.3001 |
| (301) 5420-0032 (facsimile) | donald.english@morganlewis.com |
| egaines@browngaines.com | gabriella.ravida@morganlewis.com |
| | |
| *Attorney for Plaintiff* | *Attorneys for Defendant* |